IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY DAVID RICHARDS, | No. 2:23-CV-0070-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| BENJAMIN SMITH, | |
| Defendant. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court are Plaintiff's motions for the appointment of counsel, ECF Nos. 30 and 32. Both motions were filed after a stay of proceedings was imposed on February 28, 2024, pending completion of a settlement conference.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is

dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances. Plaintiff argues that counsel is warranted as he is incarcerated and indigent. See ECF No. 30 pg. 2. Plaintiff further argues that that the settlement conferences in this case involve complex issues of law and/or fact. See ECF No. 32 pg. 1. Indigence and incarceration are common among inmates pursuing litigation in federal court. Further, the Court does not find that the issues in this excessive force case at the settlement conference are likely to be factually or legally complex. At this early stage of the proceedings, before any discovery has been conducted, the Court cannot say that Plaintiff has established any particular likelihood of success on the merits. Finally, a review of the docket reflects that Plaintiff has to date been able to present his claims on his own without the assistance of counsel.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's requests for the appointment of counsel, ECF Nos. 30 and 32 are denied.

Dated: May 14, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE